The appellant, Mary E. Comte, administratrix of Joseph Bloechl, deceased, made and filed with the surrogate of Morris county her final account as such administratrix, in which she prayed allowance for the payment to Martin R. O'Keefe, Esquire, an attorney and counselor-at-law of this state, of the sum of $125 as counsel fees for services rendered by him to the appellant with regard to the estate. The orphans court disallowed the counsel fee to Mr. O'Keefe, stating, as a reason, that at the time of rendering the services and receiving payment he was district supervisor and appraiser for Morris county of the interitance tax bureau of the department of the comptroller of the treasury of this state, and that such payment appears to be prohibited by law.
The transcript of the record of this matter submitted on appeal shows that Mr. O'Keefe appeared as attorney of record in the proceedings before the orphans court with regard to this estate, and that he did nothing whatever with reference to the estate in his capacity as district supervisor or appraiser for the transfer interitance tax bureau, but, on the other hand, the estate was appraised for the bureau by another of its representatives.
The only law which in any way may be said to forbid the payment of a counsel fee to Mr. O'Keefe, in the circumstances, is section 19 of an act entitled, "An act to tax the transfer of property of resident and non-resident decedents *Page 485 
by devise, bequest, descent, distribution by statute, gift, deed, grant, bargain and sale, in certain cases, approved April 20th, 1909" (P.L. 1909 p. 325), the pertinent part of which section provides as follows:
"An appraiser, appointed pursuant to the provisions of this act, who shall take any fee or reward, either directly or indirectly, from any executor or administrator, or any other person liable to pay any tax or any portion thereof, under the provisions of this act, shall be guilty of a misdemeanor, and on conviction, shall be punished by a fine not exceeding $1,000, or by imprisonment not exceeding one year, or both, at the discretion of the court, and, in addition thereto, the comptroller of the treasury of this state shall immediately dismiss such appraiser from his employment."
It is contended by appellant that the Transfer Inheritance Tax act, or at least section 19 thereof, is unconstitutional because violative of article 4, section 17, paragraph 4 of the constitution, which provides that every act shall embrace but one object, and that shall be expressed in the title.
This contention, I think, is answered by the court of errors and appeals in State v. Twining, 73 N.J. Law 683. The defendant there had been convicted in the Monmouth quarter sessions upon an indictment charging him with violation of one of the provisions of section 17 of an act entitled "An act concerning trust companies" (Revision of 1899), which made every director or officer who willfully or knowingly submitted or exhibited any false paper with intent, c., guilty of a high misdemeanor. Chancellor Magie, writing the opinion (at p. 689), said that the legislative purpose necessarily included regulation of those who directed or acted for such companies and the enforcement of such regulations; that enforcement is usually provided by enactments for penalties for a breach of the regulations, which Blackstone calls the sanction of the law, and that it seems necessarily included in the title which expresses the object to be to regulate certain corporations. The judgment was affirmed. Now, plainly, corporations cannot be regulated except through the acts of their officers and agents, and, equally, taxes cannot be levied and collected without governmental machinery, *Page 486 
which can only function through the acts of officers and employes of the taxing power. If a criminal act of a bank official can be made punishable under an act entitled "An act concerning trust companies," then, surely, the provision in the act to tax the transfer of property, that any appraiser appointed pursuant to the provisions of the act who shall take any fee or reward either directly or indirectly from any person liable to pay any tax under the provisions of the act, shall be guilty of a misdemeanor, is equally valid.
The General Tax act entitled "An act for the assessment and collection of taxes" (P.L. 1903 p. 394), provides, interalia, in section 62, that any assessor who shall willfully or through gross negligence omit to make a full and fair valuation of all property taxable in his district or to prepare and produce his duplicate as required by law, or who shall allow any deduction from the value of property for debt without having first obtained the sworn statement required by law, or willfully neglects or refuses to perform any service or duty required of him by that act, shall be guilty of a misdemeanor. Equally well might it be argued that these provisions making it criminal in any taxing officer to violate any provision of the act for the collection and assessment of taxes, are unconstitutional because the title of the act contains no hint or token of criminal proceedings for its violation. On the contrary, it may be said of the Tax act, as was said by Chancellor Magie of the Trust Companies act, that the legislative purpose necessarily includes regulation of the officers who act for the public, and the enforcement of such regulations by penalties for their violation. The contention that the title of the Transfer Inheritance Tax act is constitutionally defective is unsound.
Lastly, it is contended on behalf of the appellant that the Transfer Inheritance Tax act does not intend to penalize an appraiser under it from taking a fee for services entirely disconnected and dissociated from the exercise by him of any official duty as appraiser. And this, I think, is obviously so. While penal statutes are to be strictly construed, this is subject to the rule that the intent and object of the legislature *Page 487 
will prevail over the strict letter of the act. No citation of authorities is necessary to support this proposition. It is the settled law. Now, the Transfer Inheritance Tax act (section 19), which provides that if any appraiser shall take any fee or reward, directly or indirectly, from any executor, c., liable to pay a tax under the act, he shall be guilty of a misdemeanor,c., comprehends only the taking of a fee or reward which would or might influence his conduct in the execution of his office of appraiser. In other words, it is directed at the offense of bribery. Clearly, if one of the appraisers happens to be a lawyer, and takes a fee as counsel for an estate with reference to which he performs no act whatever as appraiser under the Transfer Inheritance Tax act, he is entitled to that fee, and does not come under the ban of that act.
The court of errors and appeals has recently dealt with the question of the construction of statutes with reference to their intent and true meaning. See Donohue v. Campbell,98 N.J. Law 755, wherein (at p. 763) the opinion of Chief-Justice Beasley, in Schroeder v. Ehlers, 31 N.J. Law 44, is cited, wherein the text from 1 Bl. Com. 91 is quoted as follows:
"Where some collateral matter arises out of the general words, and happens to be unreasonable, there the judges are in decency to conclude that this consequence was not foreseen by the parliament, and, therefore, they are at liberty to expound the statute by equity, and only quaod hoc disregard it."
Of course, the provision in the act under consideration is meant to be that if an appraiser takes a fee or reward in connection with an appraisement he is called upon to make for the bureau, he is guilty of a misdemeanor; but if a man who happens to be an appraiser happens, also, to be an attorney, and takes a counsel fee for services to an estate which he is not called upon to appraise, and concerning which he does no act in his capacity as an officer of the inheritance tax bureau, he does not commit an offense under the act in question, and, in such circumstances, the court which passes the account of the estate's representative has no right to disallow *Page 488 
the counsel fee on the ground that the attorney happens to be an officer of the inheritance tax bureau. To say that an appraiser, who does no appraising or any other act with reference to the estate in his capacity as an officer of the bureau, shall be guilty of a misdemeanor if he takes a fee for services as counsel to the estate which he represents, is a consequence of the act which is, at least, collateral, and could not have been in the contemplation of the legislature, and, therefore, not intended by the legislators, even if it may be said to arise out of the generality of the words of the statute.
The result reached is that the disallowance of the counsel fee will be reversed, and the cause will be remitted to the orphans court with direction to allow it. *Page 489